IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**TREBLA ROZIER,**

       **Plaintiff,**

**vs.**                                                                      **No.  13-1146-DRH**

**UNITED STATES OF AMERICA,**

       **Defendant.**


<u>**ORDER**</u>


**HERNDON, Chief Judge:**

     This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).   On November 2, 2012, the Court sentenced Rozier to 24 months in prison for making false statements during the purchase of firearms and judgment reflecting the same was entered that same day.   *United States v. Rozier*, 12-30109-DRH; Docs. 29 & 31.   During the proceedings, Rozier was represented by Assistant Federal Public Defendant Todd M. Schultz. Rozier did not appeal her sentence and conviction.

     In her § 2255 petition, Rozier argues that her counsel was ineffective for failing to file a motion to suppress and for failing to make a proper argument regarding the U.S.S.G. 2K1.1 enhancement.   Although petitioner did not raise these grounds on appeal, she may proceed on his §2255

petition if she can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter*, 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of

counsel where petitioner's lawyer failed to file a requested direct appeal. *Id.* at 719.

In her motion, petitioner alleges that her counsel's performance was below a reasonable standard, and that this caused her to plead guilty. In essence, petitioner is arguing that but for the grounds raised in her motion, she would have had sufficient counsel, and would likely have not plead guilty and/or received such a lengthy sentence .

The Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 14th day of November, 2013.

Digitally signed by
David R. Herndon
Date: 2013.11.14
14:46:12 -06'00'

**Chief Judge**
**United States District Court**