IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TREBLA ROZIER,

Petitioner,

vs.                                                          No.  13-1146-DRH

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction, Background and Procedural History

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Docs. 1 & 4).  The government opposes the motion (Doc. 6).  Based on the following, the Court denies Rozier's petition.  Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter.  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

On July 18, 2012, Rozier pled guilty without a plea agreement to three counts of making false statements during the purchase of a firearm. *United States v. Rozier*, 12-30109-DRH; Docs. 17, 18 & 19. On November 2, 2012, the Court sentenced Rozier to 24 months in prison on each count to run concurrently and Judgment reflecting the same was entered on November 2, 2012. *Id.* at Docs. 29 & 31.[1] During the proceedings, Rozier was represented by Assistant Federal Public Defender Todd M. Schultz. Rozier did not appeal her conviction or sentence.

Subsequently, Rozier filed this § 2255 petition on November 5, 2013. Rozier raises two arguments regarding ineffective assistance of counsel during her criminal case. Specifically, Rozier argues that her attorney failed to file a motion to suppress and that her attorney failed to make a proper argument regarding the U.S.S.G. 2K1.1 enhancement. As the motion is ripe, the Court turns to address the merits of the petition.

## II. Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

---

[1] The Court stayed the judgment six months because Rozier was pregnant.

As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-

05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain*, 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III. Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance

must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that Mr. Schultz's performance significantly prejudiced Rozier or that Mr. Schultz's representation fell below an objective standard of reasonableness. Further, the Court cannot say that despite these alleged errors the results of the proceedings would have been different.

First, Rozier argues that her counsel was ineffective for not filing a motion to suppress her recorded interview. She claims that her statement was involuntary as she was under the influence of alcohol and opiates at the time she made the statement and that Mr. Schultz's was aware of her condition. The

government opposes this claim arguing that Rozier cannot prove either the "performance" prong or the "prejudice" prong of Strickland. The Court agrees with the government.

The record does not support Rozier's claim that her attorney was ineffective for failing to file a motion to suppress. "When a claim of ineffective assistance is based on counsel's failure to present a motion to suppress, [the Seventh Circuit has] required that a defendant prove the motion was meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (citing *Owens v. United States*, 387 F.3d 607, 610 (7th Cir.2004), and *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004)). In relation to the criminal matter, Rozier was interviewed two times by two agents in her home. Both interviews were audio and video recorded. In support of its opposition, the government attached a DVD containing a copy of these recordings as Exhibit B. A review of the recorded statements suggests that a motion to suppress would have not been successful. The record reflects that Rozier is calm, composed and coherent in the first interview. Her speech is not slurred and there is no evidence that she was intoxicated. Further, the record reflects that the Rozier is crying at the beginning of the second interview but is composed and coherent. Her speech is not slurred and there is no evidence of intoxication. Moreover, Mr. Schultz avers that Rozier never told him that she was under the influence of alcohol or opiates at the time of the interviews. Clearly, the Court cannot conclude that Rozier's counsel was ineffective for deciding not to file a motion to suppress.

Further, the Court rejects Rozier's arguments that counsel was ineffective at sentencing for not properly asserting an argument that the four level enhancement under U.S.S.G. 2K2.1(b)(5) did not apply because her and her husband jointly possessed the firearms that she purchased and therefore she did not transfer them to an unlawful person. Contrary to Rozier's contentions now, her counsel did file objections to the Presentence Report asserting this very argument that she claims that he should have made. Counsel argued on paper and during the sentencing hearing this same argument. Thus, her counsel cannot be faulted for failing to raise issues which he did, in fact, raise. Also, Mr. Schultz filed a sentencing memorandum outlining the nature and circumstances of the case and's history and characteristics. Here, the Court properly examined the Presentence Report, heard objections and made findings regarding the Presentence Report and correctly applied the guidelines in this case. In this case, the Court cannot say that Rozier's counsel's performance significantly prejudiced her or that her counsel's representation fell below an objective standard of reasonableness.

The Court finds that Rozier's claims that her counsel was ineffective are without merit. Her bald assertions (which are either not true or not supported by the record) that her counsel was ineffective are insufficient basis to grant her the relief she seeks. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of

misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255). The Court concludes that Rozier's attorney was not ineffective in representing her in the criminal matter. In fact, the Court finds that his actions were reasonable and sound in light of the circumstances.

Rozier's sentence and conviction are legal. She has not shown that her sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255. Thus, the Court rejects Rozier's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Rozier's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a

certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## IV. Conclusion

Accordingly, the Court **DENIES** Rozier's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 21st day of May, 2014.

Digitally signed by
David R. Herndon
Date: 2014.05.21
14:55:29 -05'00'

**Chief Judge**
**United States District Court**